IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Marcus Malewski,** | ) | |
| Plaintiff, | ) | Case No: 14 C 4187 |
| | ) | |
| v. | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **Toni Preckwinkle, et al.** | ) | |
| Defendants | ) | |
| | ) | |

# MEMORANDUM OPINION AND ORDER

For the reasons stated below, Plaintiff's counsel's motion to withdraw both their motion for leave to withdraw and the class certification motion and Plaintiff's motion for leave to file an amended complaint [95] is granted in part and denied in part. Plaintiff's counsel are granted leave to withdraw their motion to withdraw and the class certification motion. Plaintiff's motion for leave to file an amended complaint is denied. The complaint on file is dismissed based on counsel's representation that the two counts alleged are unsupported. Civil case terminated.

# STATEMENT

This case was filed on June 6, 2014, alleging that Plaintiff, on behalf of himself and others similarly situated, was subject to "barbaric" living conditions while a pretrial detainee at Cook County Jail ("Jail") from May 12, 2015 through approximately 10 p.m. on May 16, 2015. According to the initial allegations, Plaintiff and other detainees were denied food for 2 ½ days, provided little opportunity to sleep, required to sleep on a floor with no bedding, and denied access to bathrooms and running water for various periods during the 5-day time span. The complaint included a *Monell* claim against Toni Preckwinkle, Thomas Dart, Cara Smith and Cook County alleging a policy and practice of instituting and allowing cruel and unusual conditions of confinement at the Jail, and a *Monell* claim against Preckwinkle and Cook County based on the policy, practice and procedure of underfunding the Jail. The complaint did not include any claims against the individual officers involved in the alleged perpetration of the unconstitutional acts.

Months of significant discovery was taken in order to flesh out a class definition, including approximately 15 depositions, productions of thousands of documents, inspection by Plaintiff of various areas of the Jail (including the taking of video and photographs), and communications being sent by Plaintiff's counsel to hundreds of pretrial detainees at the Jail.

Plaintiff's counsel now seek to withdraw both their motion to withdraw as well their motion for class certification, which is granted. Plaintiff also seeks leave to file an amended complaint, dropping the class allegations as well as the *Monell* claims against Preckwinkle, Dart, Smith and Cook County and alleging, on his behalf only, that: (1) Director Miller, a director at the Jail, either instituted policies and procedures leading to barbaric living conditions or failed to

implement policies preventing such conditions (Count I); (2) individual defendants Deputy Sheriffs Arriaga and Gonzalez witnessed the cruel and unusual conditions of confinement and failed to intervene (Count II); (3) Deputy Sheriff Oomens inflicted cruel and unusual punishment by placing Plaintiff in handcuffs and putting him in a small room without windows, ventilation or a bathroom for several hours (Count III); and, (4) Deputy Sheriffs Arriaga and Gonzales inflicted cruel and unusual punishment on Plaintiff by forcing him to be housed in a tier without access to showers, food and a bed. (Dkt. # 95-5, ¶¶ 29-35.)

Federal Rule of Civil Procedure 15 provides that, as a general rule, a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts, nevertheless, "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

On January 29, 2015, the noticed hearing date on Plaintiff's first motion for leave to file a first amended complaint (which still included class allegations, but a newly-defined class), this Court stated that it had "the feeling we're on a fishing expedition." (Pl.'s Mot. Withdraw Mot. Withdraw, Ex. D, Dkt. # 95-4, at 5.) The Court noted that at a prior court appearance, different counsel for Plaintiff had indicated that the "new complaint was going to be a prison-wide complaint about the condition in the [Jail] in total" but counsel at that court appearance denied that was the case. (*Id*. at 7.) The Court went on to tell Plaintiff's counsel that:

> What you've done is altered [the lawsuit] and changed it in several different ways. It's a different lawsuit now than it was when you started out. You haven't defined a class. You've redefined a whole new class.

(*Id*. at 8.) The Court then extended discovery by thirty days at Plaintiff's request to March 2, 2015, set a deadline of March 16, 2015 for the filing of a new motion for class certification, and granted Plaintiff leave to file his proposed amended complaint. (*Id*. at 8-9.) Not only did Plaintiff not file the then-existing proposed amended complaint, he did not file a new motion for class certification on March 16, 2015 as the Court had directed. Instead, after the March 16, 2015 date had passed, Defendants filed a motion for a ruling on the previously-filed motion for class certification and Plaintiff's counsel then filed a motion to withdraw as counsel, citing an impasse with Plaintiff. According to Plaintiff's counsel, they filed their motion to withdraw from the case because they had discovered no evidence in support of a claim for damages against the Sheriff and Executive Director (after already having concluded that the claims against Preckwinkle and Cook County were apparently unsupported) and Plaintiff had directed them not to file the then-existing proposed amended complaint, which still included class allegations. Therefore, Plaintiff's counsel assert, they had no option but to seek leave to withdraw.

At the April 30, 2015 hearing on Plaintiff's counsel's motion to withdraw their motion to withdraw and Plaintiff's motion for leave to file an amended complaint, Plaintiff's counsel stated that after several communications with Plaintiff, he had agreed to allow them to file the amended complaint. The Court again expressed serious concerns about how the case had proceeded and

the prefiling investigation performed by Plaintiff's counsel. The Court also reiterated its concerns of the possibility of a fishing expedition having taken place. Therefore, the Court directed briefing on Plaintiff's motions.

As already noted, Plaintiff now seeks to pursue a *Monell* claim against a director of the Jail, Director Miller, based on a policy and procedure of instituting or condoning a practice of failing to provide detainees with food and other basic necessities of life, as well as individual claims against two correctional officers. According to Plaintiff's counsel's filing, they feel it "would be improper" to continue to pursue the case as a class action based on Plaintiff's uncertainty about "other details" of the original complaint. The Court is troubled by this representation given the amount of time and effort that went into discovering whether a class existed and the proper definition for that class. Why has Plaintiff's "uncertainty" regarding the details of the original complaint, such that Plaintiff's counsel now state they cannot ethically proceed with a class action, surfaced only now, after thousands of dollars and hundreds of hours have been spent attempting to flesh out a class?

Moreover, despite knowing of the factual basis for the allegations against the individual defendants at the outset of the case, Plaintiff failed to include these claims in his initial complaint. Instead, he alleged broad and far-reaching claims of unconstitutional policies and procedures against Cook County and its President, the Sheriff of Cook County, and the Executive Director of the Jail on behalf of a class of detainees. According to Plaintiff's counsel, "the facts provided by Mr. Malewski matched facts that counsel was aware of from other cases, [Malewski] appeared to be credible, and he provided very specific details which would be difficult to manufacture had he not in fact been in the areas he described." (Pl.'s Mot. Withdraw Mot. Withdraw, Dkt. # 95, at 3.) But this vague statement fails to set forth a factual basis for a class action alleging two *Monell* claims against high-ranking officers of Cook County and the Jail, asserting that Defendants had instituted and/or condoned policies and procedures leading to detainees not being fed, being forced to sleep on floors with no bedding, and being precluded access to running water and a restroom. It is only now, after Plaintiff has expressed "uncertainty" about the details alleged in the complaint and his claims against Preckwinkle, Dart, Cara Smith and Cook County proved to have no factual basis, that he moves to proceed solely on his own behalf and against the individual officers. The Court notes further that in their reply, Plaintiff's counsel state that Plaintiff's claims were corroborated by their conversations with and depositions of other pretrial detainees. (Pl.'s Reply, Dkt. # 102, at 3.) If that is true, then why abandon the class claims based only on Plaintiff's purported uncertainty? And if Plaintiff is uncertain of "other details" in the amended complaint such that counsel assert it would be improper to proceed with a class action, why is it appropriate to proceed with claims based on the same facts brought solely on behalf of Plaintiff?

The procedural history of the case leads the Court to conclude that not only has Plaintiff unduly delayed in seeking to amend his complaint with these new claims (which existed at the time the complaint was filed), but has also abused the judicial process, whether intentionally or not, and thus has exhibited bad faith in seeking the amendment. Accordingly, the motion for leave to amend the complaint is denied. Further, given that Plaintiff has acknowledged that the

3

claims in the complaint currently on file are unsupported by fact, the complaint is dismissed. Civil case terminated.

Date:   August 24, 2015

-------------------------------------------------
**HON. RONALD A. GUZMAN**
**United States District Judge**